## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES JOSEPH OWENS-EL,        *

                                      *

        Plaintiff,               *

                                      *

v.                                  *        Civil Case No. 1:19-cv-01248-SAG

                                      *

MARYLAND TRANSIT ADMIN.,        *

                                      *

        Defendant.             *

                                      *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM ORDER

Plaintiff James Joseph Owens-El ("Plaintiff"), who is self-represented, filed this premises liability action against Defendant Maryland Transit Administration ("MTA"). The parties have filed cross-motions for summary judgment, which are fully briefed. ECF 42, 43, 44, 45, 47, 48.[1] Upon review of those motions, however, the Court's lack of subject matter jurisdiction is evident.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal district court acquires subject matter jurisdiction in one of two ways. 28 U.S.C. § 1331 provides the district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," which is described as "federal question jurisdiction." Alternatively, 28 U.S.C. § 1332 provides jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of

---

[1] Although ECF 42 was docketed as "correspondence," it appears to incorporate a motion for summary judgment. MTA treated it as a motion for summary judgment, ECF 43, and this Court will address it accordingly.

different States."  Such jurisdiction is described as "diversity jurisdiction," and does not exist in this case, because both Plaintiff and MTA are citizens of Maryland.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  This Court is permitted to raise issues of subject matter jurisdiction, or to issue a remand order, *sua sponte*.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  This case was removed to federal court because Plaintiff's *pro se* complaint included a single cursory reference, in its case caption, to 42 U.S.C. § 1983.  ECF 2; ECF 4.  No evidence pertaining to a § 1983 violation has been adduced, and it is unclear that this case ever involved an actual federal question.[2]  The parties' cross-motions for summary judgment do not mention § 1983, and there is no reference to that statute in any of the related briefing.  *See* ECF 42, 43, 44, 45, 47, 48.  In fact, MTA's motions repeatedly highlight that this is simply a negligence action.  *See, e.g.*, ECF 43 at 4 ("Plaintiff purportedly moves for summary judgment on the lone remaining claim in his action – 'intentional gross negligence and simple negligence' against MTA."); ECF 45-2 at 8-9 ("MTA is the lone remaining defendant in this case, and the lone remaining issue is whether Plaintiff may recover against MTA for what Plaintiff calls 'intentional gross negligence and simple negligence[.]'").  Because this action raises no federal question and is not based on diversity of citizenship, this Court lacks subject matter jurisdiction. The case is REMANDED to the Circuit Court for Baltimore City, Maryland.

Dated:  August 26, 2020

_____
/s/
Stephanie A. Gallagher
United States District Judge

---

[2] To the extent that this Court could be deemed to have had federal question jurisdiction over this case earlier in the proceeding, it declines to exercise its discretion to retain supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367; *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("Whenever the basis for federal jurisdiction evaporates, Congress has provided for discretion.  There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction.").